UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FREDRICK O'NEIL, | ) | 1:10-cv-006666-JLT HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS PETITION FOR WRIT OF HABEAS |
| v. | ) | CORPUS  (Doc. 1) |
| | ) | |
| | ) | ORDER DIRECTING OBJECTIONS TO BE |
| KEN CLARK, Warden, | ) | FILED WITHIN TWENTY DAYS |
| | ) | |
| Respondent. | ) | ORDER DIRECTING CLERK OF COURT TO |
| | ) | ASSIGN CASE TO DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner, serving a life sentence for a first degree murder conviction in the Tulare County Superior Court, filed his petition on April 15, 2010, challenging the $5,000 restitution order imposed upon his conviction, on the grounds that such an order subjects Petitioner to "economic duress" and constitutes cruel and unusual punishment. (Doc. 1).  Petitioner seeks an order from this Court reducing the restitution order to $200.  (Id.).

### DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule

1

4 of the Rules Governing § 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases. A preliminary review of the Petition establishes that the Court lacks habeas jurisdiction to proceed. Accordingly, the petition should be dismissed.

Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (Emphasis supplied).

The "in custody" requirement is jurisdictional for a federal habeas court. <u>Baily v. Hill</u>, 599 F.3d 976, 978 (9th Cir. 2010). In <u>Baily</u>, the Ninth Circuit observed that the "in custody" requirement of federal habeas law has two aspects. First, the petitioner must be "under the conviction or sentence under attack at the time his petition is filed." <u>Baily</u>, 599 F.3d at 978-979, *quoting* <u>Resendiz v. Kovensky</u>, 416 F.3d 952, 956 (9th Cir. 2005). For this aspect of "in custody," actual physical custody is not indispensable to confer jurisdiction; rather, the court will have habeas jurisdiction if a sufficient "restraint on liberty," as opposed to a mere "collateral consequence of a conviction," exists. <u>Id</u>. at 979. In this case, because Petitioner was in Respondent's physical custody at the time he filed the instant petition, this first aspect of the "in custody" requirement is not at issue.

The second aspect of the "in custody" requierment, however, is fatal to Petitioner's habeas claim:

> The plain meaning of the test of § 2254(a) makes clear that physical custody alone is insufficient to confer jurisdiction. Section 2254(a)'s language permitting a habeas petition to be entertained 'only on the ground that [the petition] is in custody in violation of the Constitution or laws or treaties of the United States," explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody.

> Giving the crucial statutory phrase within § 2254(a) its ordinary, natural meaning, we cannot but conclude that to sustain his habeas challenge, [petitioner] must show that his custody in itself, or its conditions, offends federal law. It is not enough for [petitioner] to say, in substance, my custody is okay and consistent with federal law, but I should not be burdened by this restitution requirement. What [petitioner] is required to pay in restitution is not by ordinary meaning a part of his custody.

<u>Baily</u>, 599 F.3d at 980. (Citations omitted).

In <u>Baily</u>, the petitioner, as here, had challenged only his restitution fine. After the above discussion, the Ninth Circuit flatly rejected habeas jurisdiction under such circumstances:

> [Petitioner's] challenge to the restitution order lacks any nexus, as required by the plain test of § 2254(a), to his custody. While [petitioner's] liberty has been severely restrained by his conviction and custodial sentence, the remedy that [petitioner] seeks, the elimination or alteration of a money judgment, does not directly impact–and is not directed at the source of the restraint on–his liberty. If successful, [petitioner] could reduce his liability for restitution but would still have to serve the rest of his custodial sentence in the same manner; his remedy would affect only the fact or quantity of the restitution that he has to pay to the victim. [Petitioner's] argument is only that he has been ordered to pay restitution "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and not that his custody is unlawful. That he is in physical custody while attacking the restitution order is insufficient to confer jurisdiction over his habeas petition.

<u>Baily</u>, 599 F.3d at 981.

Here, Petitioner does not challenge any aspect of his conviction for first degree murder in the Tulare County Superior Court, nor does he challenge in any way his life sentence. His only complaint is that the $5,000 restitution fine is excessive and should be reduced to $200. While Petitioner was clearly in the physical custody of Respondent at the commencement of these proceedings, and while he remains in custody of Respondent at this time, such physical custody is insufficient to confer habeas jurisdiction. <u>Id</u>. In the absence of any challenge to Petitioner's conviction and sentence, the required nexus between the claims raised in the petition and the unlawfulness of Petitioner's custody is absent. <u>Id</u>. Accordingly, without habeas jurisdiction, the Court cannot proceed and the petition should be dismissed. <u>Id</u>.

## **ORDER**

Therefore, the Court HEREBY ORDERS as follows:

1. The Clerk of the Court is DIRECTED to assign this case to a United States District Judge.

## **RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED for lack of habeas jurisdiction. This Findings and Recommendations is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of

1  Practice for the United States District Court, Eastern District of California.  Within twenty (20)
2  days after being served with a copy, any party may file written objections with the Court and
3  serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
4  Judge's Findings and Recommendations."  Replies to the objections shall be served and filed
5  within ten (10) court days (plus three days if served by mail) after service of the objections.  The
6  Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
7  parties are advised that failure to file objections within the specified time may waive the right to
8  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 20, 2010**                             /s/ Jennifer L. Thurston
                                                      UNITED STATES MAGISTRATE JUDGE